UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-cr-00358-JMS-MJD |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DEANDRE GOVAN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| *Plaintiff*,    ) | |
| ) | |
| *vs*.    ) | 1:21-cr-00358-JMS-MJD |
| ) | |
| DEANDRE GOVAN,    ) | -01 |
| ) | |
| *Defendant*.    ) | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Deandre Govan (01) has filed a Motion for Compassionate Release, [Filing No. 69], which is ripe for the Court's review.

### I.
### BACKGROUND

On December 1, 2021, Mr. Govan was charged in an Indictment with one count of Carjacking, in violation of 18 U.S.C. § 2119, and one count of Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). [Filing No. 5.] The offense conduct is described as follows:

> On October 10, 2021, O.H. arrived to work at the Tienda Morelos restaurant located in Indianapolis. As he walked to the door of the restaurant, he was approached by Deandre Govan. Govan brandished a black semiautomatic handgun and took O.H.'s wallet and cell phone. Govan then ordered O.H. to unlock the phone. Next, Govan forced O.H. to give him the keys to O.H.'s vehicle. After Govan took the keys, he fled the scene. The following day, on October 11, 2021, the vehicle was recovered by IMPD on the University of Indianapolis campus, and it was processed by evidence technicians for fingerprints. Govan's prints were located on the driver's door molding, the exterior of the driver's door, the gas tank lid, and the driver's door handle.

\*          \*          \*

On October 12, 2021, T.V. was sitting on the University of Indianapolis campus in her 2010 white Ford Focus with the window down and talking on her phone. Deandre Govan approached her vehicle and brandished a black semiautomatic firearm. With the firearm pointed towards T.V., Govan instructed her to hand over her phone and to unlock the device. Next, Govan took her phone, money, and forced T.V. out of the vehicle. Govan then entered T.V.'s vehicle and fled the scene. Using a location tracking device, law enforcement located T.V.'s phone. Before giving the phone back to T.V., evidence technicians dusted the phone for fingerprints. Further investigation revealed that Govan's fingerprints were recovered from the phone.

*     *     *

On October 13, 2021, maintenance men at [an apartment complex in Indianapolis] were standing outside of one of the residential buildings when Govan rode by on a bicycle. The men did not recognize him to be a resident within the complex, so they asked him what he was doing there. Govan became hostile and then brandished a black semiautomatic pistol and pointed it at the face of one of the workers. The worker pulled out a firearm of his own and fired a single shot into the ground. Govan fled the scene, and IMPD responded and took a report at the scene of the incident.

Shortly after, IMPD investigators located Govan at the intersection of South Keystone and East Hanna Avenues. They instructed him to walk towards them. Govan refused and continued to walk in the opposite direction. Other officers quickly arrived on the scene, and Govan was detained. Investigators located a Glock 45 9mm semiautomatic pistol on Govan's person.

[Filing No. 45 at 4-5 (paragraphs re-ordered to appear chronologically).]

On January 22, 2024, Mr. Govan pled guilty to one count of Carjacking, in violation of 18 U.S.C. § 2119, and one count of Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). [Filing No. 52.] On February 14, 2024, he was sentenced to 108 months' imprisonment followed by 3 years of supervised release. [Filing No. 55.]

Mr. Govan has filed a Motion for Compassionate Release *pro se*. [Filing No. 69.] He argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) of his youth at the time of the offenses; (2) his sentence is more punitive than contemplated at sentencing due to Covid-19 and his conditions of confinement; and (3) the

cumulative impact of several factors – including his youth, changes in sentencing policy, his mental health conditions, his "exceptional rehabilitation," and the absence of any danger to the community – warrant compassionate release. [Filing No. 69 at 1-2.] He also argues that the factors set forth in 18 U.S.C. § 3553(a) warrant release. [Filing No. 69 at 2-3.] The Government has responded to Mr. Govan's Motion, [Filing No. 71], and Mr. Govan has filed a reply, [Filing No. 73]. Mr. Govan's Motion for Compassionate Release is ripe for the Court's review.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exist and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020). The district court must "consider[] the applicant's

individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

### A. Extraordinary and Compelling Reasons

#### 1. Youth at Time of Offenses

First, Mr. Govan argues that he was younger than 25 when he committed the offenses that are the subject of this case, "placing him squarely within the class of youthful offenders now recognized by the Sentencing Commission and courts as possessing heightened capacity for rehabilitation." [Filing No. 69 at 1.] He points to U.S.S.G. § 1B1.13, which he argues "authorize[s] courts to consider…[d]evelopmental immaturity at the time of the offense, [r]educed culpability of young adults, [and] substantial post-sentencing maturation," and asserts that "[s]cientific consensus confirms that brain development particularly impulse control and judgment continues into the mid-20's." [Filing No. 69 at 1.] He asserts that he "is no longer the impulsive 19-year old described in the PSR," and "is now approaching 25 years neurologically and behaviorally different from the teenager who committed these offenses." [Filing No. 73 at 2.]

Many defendants commit serious crimes at young ages and face lengthy sentences. Further, the Court considered Mr. Govan's age when it sentenced him, noting that it was varying from the Sentencing Guidelines due to Mr. Govan's "diminished capacity,…family ties, lack of youthful guidance,…mental and emotional condition,…traumatic brain injury, [and] intellectual disability." [Filing No. 61 at 38.] None of those circumstances, which the Court fully addressed at sentencing,

have changed during Mr. Govan's incarceration. Mr. Govan's youth when he committed the offenses is not an extraordinary and compelling reason warranting release under § 3582(c)(1)(A), whether considered alone or in combination with any other reason. *See United States v. Taylor*, 2021 WL 3164528, at *3 (S.D. Ind. July 27, 2021).

### 2. Covid-19 and Conditions of Confinement

Next, Mr. Govan argues that he has "endured prolonged lockdowns, suspension of rehabilitative programming, and heightened exposure to illness all while suffering from multiple mental health condition[s] which he was diagnosed [with] as a child," which "transformed his sentence into one far more severe than the Court originally intended." [Filing No. 69 at 2; *see also* Filing No. 73 at 2.] He asserts that "[t]he punitive impact of these conditions, and post-COVID symptoms," make continued incarceration "inconsistent with the purposes of just punishment and rehabilitation." [Filing No. 69 at 2.]

To the extent that Mr. Govan complains regarding general conditions at facilities where he has been housed, those conditions of confinement are generalized and experienced by all Bureau of Prisons ("BOP") inmates and therefore are not an extraordinary and compelling reason for relief as compared to other inmates. *See United States v. Khelifi*, 2022 WL 3925623, at *1 (7th Cir. Aug. 21, 2022). And to the extent Mr. Govan is complaining regarding medical care after having Covid-19, he has not provided any medical records indicating that he has suffered from Covid-related symptoms or that those symptoms have remained untreated. Further, such allegations are not grounds for compassionate release under § 3582(c)(1)(A). *United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that [defendant] challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Mr. Govan's conditions of confinement are not extraordinary and

6

compelling reasons for compassionate release, whether considered alone or in conjunction with any other reason.

### 3. Cumulative Impact of Multiple Factors

Mr. Govan argues that "the cumulative impact of [his] youthfulness at the time of the offense, intervening changes in sentencing policy, mental health conditions vulnerabilities, exceptional rehabilitation, and the absence of any danger to the community overwhelmingly establishes extraordinary and compelling reasons for relief." [Filing No. 69 at 2; *see also* Filing No. 73 at 2.]

Again, the Court already considered Mr. Govan's age at the time of the offenses and his mental health conditions at sentencing, and those circumstances have not changed during his incarceration and do not constitute extraordinary and compelling reasons for release. Mr. Govan does not point to any specific "intervening change" in sentencing policy that would lead to a lower sentence today. Additionally, while BOP records indicate that Mr. Govan has engaged in programming while incarcerated, [*see* Filing No. 72-6], such efforts are expected and rehabilitation "is not, by itself, an extraordinary and compelling reason" for release in any event. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t). Rehabilitation "may be considered in combination with other circumstances," *id.*, but the Court has already found that the other circumstances to which Mr. Govan points do not constitute extraordinary and compelling reasons for compassionate release. Further, as discussed in more detail below, the Court finds that Mr. Govan is a danger to any other person or the community. The cumulative impact of Mr. Govan's age at the time of the offense, changes in sentencing policy, mental health condition, rehabilitation, and degree of danger to the community is not an extraordinary and compelling reason for compassionate release, whether considered alone or in conjunction with any other reason.

### B.  Danger to the Safety of Any Other Person or to the Community

Even if the Court found that extraordinary and compelling reasons exist that support compassionate release, it also finds that Mr. Govan is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).  Mr. Govan participated in two carjackings where he robbed the victims, ordered one female victim to exit her vehicle, and forced another victim to give him the keys to his vehicle – all at gunpoint.  [Filing No. 45 at 4-5.]  He also brandished a firearm during an encounter with maintenance workers at an apartment complex.  [Filing No. 45 at 5.]  Further, Mr. Govan has an extensive juvenile criminal history, including unauthorized entry of a motor vehicle, auto theft, battery, armed robbery, and attempted murder.  [Filing No. 45 at 7-11.]  Significantly, Mr. Govan robbed the same gas station three times and told the owner that he wanted to kill him.  [Filing No. 45 at 10.]  Mr. Govan's criminal history combined with the conduct related to the offenses that are the subject of this case leads the Court to conclude that Mr. Govan is a danger to any other person and the community.

In sum, the Court finds that Mr. Govan has not presented extraordinary and compelling reasons to release him, whether considered alone or in combination with any other reason.  Given this determination, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.
#### Conclusion

For the foregoing reasons, the Court **DENIES** Mr. Govan's Motion for Compassionate Release.  [69.]

Date: 3/11/2026

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Deandre Govan
#77372-509
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC 29590